**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3180
_____

MEMET GEZER,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A209-173-321)
Immigration Judge: Emily Farrar-Crockett

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 25, 2022
Before:  JORDAN, GREENAWAY, JR., and NYGAARD, <u>Circuit Judges</u>

(Opinion filed December 8, 2022)
_____

OPINION[*]
_____

PER CURIAM

　　Memet Gezer petitions for review from a decision of the Board of Immigration

Appeals (BIA).  For the reasons that follow, we will deny the petition for review.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Gezer, a citizen of Turkey, was admitted to the United States in 2016 for the purpose of criminal prosecution. He pleaded guilty to conspiracy to aid and abet the possession of firearms in furtherance of a drug trafficking offense and was sentenced to five years in prison. After serving his sentence, he was charged as removable as a noncitizen who was not in possession of a valid entry document. Proceeding pro se, he applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). An Immigration Judge ("IJ") determined that Gezer was ineligible for asylum or withholding of removal because he had been convicted of a particularly serious crime. After a hearing, the IJ denied Gezer's application for deferral of removal, having determined that he was not credible and that he had not shown that he was entitled to relief.

Gezer filed a counseled appeal to the BIA, challenging, inter alia, the IJ's serious crime analysis and adverse credibility determination. The BIA determined that Gezer's conviction for conspiracy to aid and abet the possession of firearms in furtherance of a drug trafficking offense was an aggravated felony drug trafficking crime and, because he was sentenced to five years in prison, a particularly serious crime. See 8 U.S.C. § 1231(b)(3)(B) (noncitizen is considered to have been convicted of a particularly serious crime if convicted of an aggravated felony and sentenced to a term of imprisonment of at least five years). The BIA adopted and affirmed the IJ's adverse credibility determination and denial of deferral of removal. The BIA dismissed the appeal and ordered Gezer removed to Turkey. Gezer filed a pro se petition for review.

2

We have jurisdiction under 8 U.S.C. § 1252.  We will address those issues raised by Gezer in his brief that were also exhausted before the BIA.  8 U.S.C. 1252(d)(1) (providing that court may review final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right"); see Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 145 (3d Cir. 2017) ("[W]e have consistently refused to consider ill-developed arguments or those not properly raised and discussed in the appellate briefing.").

Gezer argues in his brief that the BIA erred in determining that his conviction was an aggravated felony because only the most similar federal offense should be used for the categorical approach.  In support, he cites to a case in which this Court compared state court convictions to the proper federal analogue.  See Rosa v. Att'y Gen., 950 F.3d 67 (3d Cir. 2020).  Here, however, Gezer's conviction is for violating a federal statute, and choosing a federal analogue is not necessary.  See generally Doe v. Sessions, 886 F.3d 203, 208 (2d Cir. 2018).

Gezer also contends that the IJ and BIA overlooked the submission of his plea transcripts containing the details of his criminal admissions.   He believes those transcripts demonstrate that his conviction is not a particularly serious crime.  His plea transcripts, however, are not in the administrative record, and we must "decide the petition only on the administrative record on which the order of removal is based."  8 U.S.C. § 1252(b)(4)(A).

3

Without addressing the details of his conduct, Gezer argues that he qualifies for the exception set forth by the Attorney General in In re Y-L-, A-G-, & R-S-R-, 23 I. & N. Dec. 270, 276-77 (A.G. 2002), to the rule that drug trafficking offenses are particularly serious crimes. He suggests that there was a small amount of controlled substance involved, little to no money was paid for the drugs, he was peripherally involved, and there was the absence of violence, organized crime, and any adverse effect on juveniles. Citing to the criminal complaint against Gezer, the BIA concluded that Gezer did not qualify for that exception due to the circumstances of his offense. In the criminal complaint, Gezer was described as having negotiated, over the course of more than six months, a deal to provide high-powered weapons with the understanding that they would be used by a Mexican drug cartel to protect its drug shipments into the United States. A.R. at 434-445. The BIA did not abuse its discretion in determining that Gezer's conviction for conspiring to aid and abet the possession of firearms in furtherance of drug trafficking did not fall within that exception. See Sunuwar v. Att'y Gen., 989 F.3d 239, 250 (3d Cir. 2021) (noting that the BIA has "broad discretion" in determining whether a conviction is for a particularly serious crime).[1]

Gezer sought deferral of removal under the CAT. In evaluating a CAT claim, the agency must first determine whether it is more likely than not that the applicant would be tortured if removed. This question involves both a factual finding of what is likely to

---

[1] Gezer admits that the BIA may consider "all reliable information" when making that determination, including not only conviction records and sentencing information but also

4

happen to the applicant and the legal question of whether it constitutes torture. Quinteros v. Att'y Gen., 945 F.3d 772, 786-87 (3d Cir. 2019). The agency then determines how public officials will respond, including whether public officials will acquiesce in any torture. Id. at 786. We review the agency's factual findings for substantial evidence. Thus, its findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." Nasrallah v. Barr, 140 S. Ct. 1683, 1692 (2020) (quoting 8 U.S.C. § 1252(b)(4)(B)).

In his brief, Gezer argues that he submitted evidence that he would be harmed if removed to Turkey because he will be tortured by terrorist groups and the government. He cites generally to reports on country conditions in Turkey by the State Department Report and Amnesty International but does not quote or describe any evidence that supports his claim. He has not shown that any reasonable adjudicator would be compelled to conclude that he is entitled to relief.

He also contends that the IJ failed to grant a continuance. However, as noted by the BIA, Gezer did not request a continuance, and he has not established that the IJ was required to order a continuance sua sponte.

For the above reasons, we will deny the petition for review.

---

the actual circumstances of the crime. Sunuwar, 989 F.3d at 249.